PEOPLE ex rel. JAMES et al. v. CRANDALL, Highway Com'r. (Supreme Court, Appellate Division, Fourth Department. July 6, 1904.) Proceedings by the people of the state of New York, on the relation of John James and Milton M. Turner, against Frank Crandall, as sole commissioner of highways of the town of Cameron. No opinion. Writ of certiorari sustained, and action of highway commissioner annulled, with $25 costs.

---

PEOPLE ex rel. LANGDON, Appellant, v. GREENE, Com'r, Respondent. (Supreme Court, Appellate Division, First Department. July 13, 1904.) Proceedings by the people of the state of New York, on the relation of Martin Langdon, against Francis V. Greene, as commissioner. W. S. Gordon, for appellant. T. Farley, for respondent. No opinion. Writ dismissed, and proceedings affirmed, with costs.

---

PEOPLE ex rel. NEW YORK CENT. & H. R. R. CO. et al. v. BOARD OF RAILROAD COM'RS, et al. (Supreme Court, Appellate Division, Third Department. September 20, 1904.) Proceedings by the people of the state of New York, upon the relation of the New York Central & Hudson River Railroad Company and others, against the board of railroad commissioners of the state of New York and others. No opinion. That part of motion asking for leave to intervene granted. Remainder denied.

---

PEOPLE ex rel. MARKS, Respondent, v. WELLS et al., Appellants. (Supreme Court, Appellate Division, First Department. July 13, 1904.) Proceedings by the people of the state of New York, on the relation of Frederick W. Marks, against James L. Wells and others. G. S. Coleman, for appellants. A. L. Guiterman, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

---

PEOPLE ex rel. PARSLOE v. ERLANGER. (Supreme Court, Appellate Division, First Department. June 29, 1904.) Proceedings by the people of the state of New York, on the relation of Charles Parsloe, against Mitchell L. Erlanger. No opinion. Motion granted, with $10 costs.

---

PEOPLE ex rel. UVALDE ASPHALT PAV. CO., Respondent, v. LITTLETON et al., Appellants. (Supreme Court, Appellate Division, Second Department. September 29, 1904.) Proceedings by the people of the state of New York, on the relation of the Uvalde Asphalt Paving Company, against Martin W. Littleton, as president of the borough of Brooklyn, and George W. Tillson, as chief engineer of the bureau of highways, borough of Brooklyn. No opinion. Appeal withdrawn.

---

PORTER, Respondent, v. MAGNETIC SEPARATOR CO., Appellant. (Supreme Court, Appellate Division, First Department. June 24, 1904.) Action by Alexander T. Porter against the Magnetic Separator Company. H. D. Merchant, for appellant. M. Fitzgerald, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

---

PRESS, Appellant, v. FEUCHTWANGER, Respondent. (Supreme Court, Appellate Division, First Department. July 13, 1904.) Action by T. Channon Press against Abraham H. Feuchtwanger. J. A. Hodge, for appellant. C. H. Friedrich, for respondent. No opinion. Judgment affirmed, with costs.

---

In re QUARRY ROAD. (Supreme Court, Appellate Division, First Department. June 29, 1904.) In the matter of the Quarry Road. J. Dunn, for appellant. Joseph Flannery, for respondent. No opinion. Order affirmed, with costs.

---

RANDALL v. HOLBROOK, CABOT, ETC., CO. (Supreme Court, Appellate Division, First Department. June 24, 1904.) Action by Martin H. Randall, as administrator, against the Holbrook, Cabot, etc., Company. No opinion. Motion denied, with $10 costs.

---

RAY v. UNITED TRACTION CO. (Supreme Court, Appellate Division, Third Department. September 20, 1904.) Action by Mary A. Ray against the United Traction Company. No opinion. Motion denied.

---

RICKETTS, Respondent, v. RAMSDELL et al., Appellants. (Supreme Court, Appellate Division, Second Department. September 29, 1904.) Action by Mary J. Ricketts against Henry Powell Ramsdell, James A. P. Ramsdell, and Homer S. Ramsdell, individually and as executors, etc.

PER CURIAM. We think the circumstances connected with the acceptance of the juror whose impartiality is in question in these proceedings were such as to require the granting of the motion for a new trial in the interests of justice. The order denying such motion should therefore be reversed, but upon payment by the appellants of the costs of the trial within 20 days from the entry of this order. Order reversed on the condition named, and new trial granted; costs to abide the event. On the failure of the appellants to comply with the condition, order affirmed, with costs.

HOOKER, J., dissents.